UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JOE DOUGLAS HELTON,           )
                              )
     Petitioner,              )    Civil Action No. 12-CV-063-HRW
                              )
V.                            )
                              )
MICHAEL SEPANEK, Warden,      )    **MEMORANDUM OPINION**
                              )    **AND ORDER**
     Respondent.              )

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Joe Douglas Helton is an inmate confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Helton has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his criminal conviction for being a felon in possession of a firearm. [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Helton's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as

true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because Helton can not pursue his claims in a habeas corpus proceeding under § 2241.

## BACKGROUND

On July 21, 1999, Helton was charged with possession of ten grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 1); using a firearm during and in relation to a drug-trafficking offense, in violation of 18 U.S.C. §924(c) (Count 2); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). *United States v. Joe Douglas Helton,* No. 99-CR-22-JMH (E.D. Ky. 1999). Helton proceeded to trial and was convicted on all three charges. Helton was sentenced to an 18-month sentence of imprisonment on Count 1, a 60-month sentence on Count 2, and a 120-month sentence on Count 3, all to be served consecutively, for a total sentence of 198 months. Helton's convictions and sentences were affirmed on appeal. *See United States v. Helton*, 349 F.3d 295 (6th Cir. 2003).

Thereafter, Helton moved the trial court, pursuant to 28 U.S.C. § 2255, to vacate and set aside his conviction on Count 3 of the indictment. [D. E. No. 116] Count 3 of the indictment charged Helton with the possession of a firearm on June 4, 1999, after he had been convicted of a felony on September 19, 1994, in the Magoffin Circuit Court. As grounds for his § 2255 motion, Helton argued that his conviction on Count 3 could not stand because his underlying state court conviction in Magoffin Circuit Court was set aside on June

25, 2002. The trial court denied Helton's § 2255 motion because his felony conviction in Magoffin Circuit Court had not been set aside at the time he committed the § 922(g)(1) violation - in June of 1999.

## DISCUSSION

In his Section 2241 petition, Helton claims that he is "actually innocent" of the offense conduct for which he is currently serving a sentence. He contends that due to Section 2255's restrictions on successive petitions, a Section 2255 motion is inadequate or ineffective to test the legality of his conviction. Therefore, Helton submits that he is entitled to proceed with this petition.

Helton's "actual innocence" claim is based on the fact that in June of 2002, following his conviction and sentencing by the federal court, the underlying felony conviction in Magoffin Circuit Court on which his § 922(g)(1) charge was based was reversed and set aside, and the Magoffin Circuit Court dismissed the case with prejudice. With these developments, Helton argues that is now "actually innocent" of being a felon in possession of a firearm, the basis for the § 922(g)(1) conviction.

Helton is rehashing arguments he has previously made in his Section 2255 motion filed with the trial court in 2004. [D. E. No. 116] The trial court denied the motion because Helton's felony conviction in state court had not been expunged at the time he was charged with and convicted of the § 922(g)(1) offense. Helton was convicted of a felony charge in state court in 1994; he was charged in 1999 with the § 922(g)(1) violation and was convicted

3

of that offense in 2000; the underlying state court conviction was not vacated until June of 2002. Had Helton's prior felony been vacated prior to July 21, 1999, the date he was charged with the § 922(g)(1) offense, his claim would have more merit.

Section § 2255(e) permits a prisoner to challenge a conviction or sentence in a habeas petition filed pursuant to § 2241, but only if the remedy provided by § 2255(a) is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). Review under § 2241 is not available "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." 28 U.S.C. § 2255(e). The petitioner must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Helton can not make that showing because he challenged his conviction on Count 3 in a Section 2255 motion in the trial court, and the trial court denied the motion on the merits. The remedy provided under § 2255 is not rendered inadequate and ineffective if the petitioner presented a claim in a § 2255 motion but was denied relief on the claim; failed to assert a claim in his § 2255 motion; or was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09CV2759, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the

4

one provided in § 2255. *Charles*, 180 F.3d at 758. Helton has not established that his § 2255 remedy was inadequate or ineffective to challenge his conviction and sentence on Count 3 of the indictment.

The only other means of pursuing a claim of actual innocence through the savings clause of § 2255 is to demonstrate the existence of a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137(1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Helton does not allege that he was convicted of conduct that the law no longer makes criminal in light of a Supreme Court decision rendered after his direct appeal or after he filed his Section 2255 motion.

In summary, Helton has not established a claim of actual innocence cognizable in a habeas corpus proceeding under § 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998); *Charles*, 180 F.3d at 757; *see also Reminsky v. United States*, No. 1:12-cv-272, 2012 WL 1669951, at *3 (N.D. Ohio Feb. 24, 2012) (petitioner cited no retroactively applicable Supreme Court decision overturning circuit precedent which would indicate that his sentence suffered from a "fundamental defect"). In Helton's Section 2255 motion, the trial court considered and rejected his claim that he was entitled to relief from the § 922(g)(1) conviction and sentence. [D. E. No. 118] For the same reasons stated by the trial court in denying Helton's Section 2255 motion, Helton is also entitled to no relief under 28 U.S.C.

§ 2241. A claim that was considered in a prior Section 2255 motion must be dismissed. *See* 28 U.S.C. § 2244(b)(1); *In re Siggers*, 615 F.3d 477, 481 (6th Cir. 2010).

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Joe Douglas Helton's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This March 11, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge